Entered on Docket November 30, 2021

**Below is the Order of the Court.**



_____
**Timothy W. Dore**
**U.S. Bankruptcy Court**
(Dated as of Entered on Docket date above)

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

Jan Carol Little-Washington and Kevin Lynn Washington,

          Debtors.

Case No. 19-13722 - TWD

Chapter: 13

ORDER AUTHORIZING LOAN MODIFICATION AGREEMENT

THIS matter having come before the Court upon the Motion for Authorization of Loan Modification ("Motion"), the Court having reviewed the Motion, and having reviewed the files and records herein, deeming itself advised in the premises, it is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. The Loan Modification with Rushmore Loan Management Services attached hereto as Exhibit A is authorized.

2. Rushmore Loan Management Services, LLC may sign or otherwise execute any and all documents related to consummation of the proffered loan modification.

//END OF ORDER//

Presented by:
_/s/ *Christina L Henry*_
Christina L Henry, WSBA #31273

# EXHIBIT A

After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
1755 Wittington Place Ste. 400
Farmers Branch, TX 75234

This Document Prepared By:
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, CA 92618

Parcel ID Number: 333350014507Prior instrument reference: _____

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: $460,000.00  Loan No: 7603233747
New Money: $36,137.59  Investor Loan No: 53308

# LOAN MODIFICATION AGREEMENT
(Providing For Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 21st day of September, 2021, between **JAN CAROL LITTLE-WASHINGTON and KEVIN L WASHINGTON** ("Borrower") and **Rushmore Loan Management Services LLC, whose address is 1755 Wittington Place Ste. 400, Farmers Branch, TX 75234** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **January 07, 2005** and recorded in _____, of the Official Records of _____ **County, WA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**5133 SOUTH ORCAS STREET, SEATTLE, WA 98118**,
(Property Address)
the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **August 1, 2021**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$351,804.40**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $30,344.86 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and

*7603233747*
LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
1101 8300b 08/14

*55409+36*
Form 3179 1/01 (rev. 4/14)

(page 1 of 5)

Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$321,459.54**. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of **3.125%**, from **August 1, 2021**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,961.30**, beginning on the **1st day of September, 2021**, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of **3.125%** will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be **June 1, 2039**.

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any

way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

7. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

*760323747*
LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
1101 8300b 08/14

*55409+36*
Form 3179 1/01 (rev. 4/14)

(page 3 of 5)

Case 19-13722-TWD    Doc 60    Filed 11/30/21    Ent. 11/30/21 13:57:51    Pg. 5 of 16

7. This Agreement modifies an obligation secured by an existing security instrument recorded in County, WA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $315,666.81. The principal balance secured by the existing security instrument as a result of this Agreement is $351,804.40, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ Date: 10/6/2021
JAN CAROL LITTLE-WASHINGTON -Borrower

_____ Date: 10-6-21
KEVIN L WASHINGTON -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Washington

County of __King__

I certify that I know or have satisfactory evidence that **JAN CAROL LITTLE-WASHINGTON and KEVIN L WASHINGTON**, (name of person) is the person who appeared before me, a Notary Public and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: 10/06/2021

_____
Signature of Notary

U.S. Bank CRC
Title

My Commission expires: 10/24/2024

WADE P HENRY
Notary Public
State of Washington
Commission # 21004804
My Comm. Expires Oct 24, 2024

*760323747*
LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
1101 8300b 08/14

*55409+36*
Form 3179 1/01 (rev. 4/14)

(page 4 of 5)

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____
The State of TEXAS

County of DALLAS

Before me _____ (name/title of officer) on this day personally appeared

_____, the _____ of

_____,

known to me (or proved to me on the oath of _____ or through _____
(description of identity card or other document)) to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that he executed the same for the purposes and
consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, A.D.,_____.

_____
Signature of Officer

_____
Title of Officer

My Commission expires : _____



LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
1101 8300b 08/14

Form 3179 1/01 (rev. 4/14)

(page 5 of 5)

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **7603233747**  Date: **September 21, 2021**

Borrower(s): **JAN CAROL LITTLE-WASHINGTON and KEVIN L WASHINGTON**

Property Address: **5133 SOUTH ORCAS STREET, SEATTLE, WA 98118**

Lender: **Rushmore Loan Management Services LLC**

In consideration of **Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____  Date: 10/4/2021
JAN CAROL LITTLE-WASHINGTON -Borrower

_____  Date: 10-6-21
KEVIN L WASHINGTON -Borrower

After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
1755 Wittington Place Ste. 400
Farmers Branch, TX 75234

---

Space Above This Line For Recording Data

**This Document Prepared By:**
**Name:** _____
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, CA 92618**

**Document Title: LOAN MODIFICATION AGREEMENT**

**Reference numbers of related documents:**
    on page _____ of document

**Grantor(s):**
    1. JAN CAROL LITTLE-WASHINGTON
    2. KEVIN L WASHINGTON
    3.
    etc. additional names on page _____ of document

**Grantee(s)/ Beneficiary(ies):**
    1. Rushmore Loan Management Services LLC
    2.
    3.
    etc. additional names on page _____ of document

**Assessor's Property Tax Parcel Account Number(s): 333350014507**

**Legal Description:**

*7603233747*
1101 2322 01/14

*55409+36*
WASHINGTON COVER PAGE

After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
1755 Wittington Place Ste. 400
Farmers Branch, TX 75234

This Document Prepared By:
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, CA 92618

Parcel ID Number: 333350014507Prior instrument reference: _____

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$460,000.00**            Loan No: **7603233747**
New Money: **$36,137.59**            Investor Loan No: **53308**

# LOAN MODIFICATION AGREEMENT
(Providing For Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 21st day of September, 2021, between **JAN CAROL LITTLE-WASHINGTON and KEVIN L WASHINGTON** ("Borrower") and **Rushmore Loan Management Services LLC**, whose address is **1755 Wittington Place Ste. 400, Farmers Branch, TX 75234** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **January 07, 2005** and recorded in _____, of the Official Records of _____ **County, WA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**5133 SOUTH ORCAS STREET, SEATTLE, WA 98118,**
(Property Address)
the real property described being set forth as follows:



In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **August 1, 2021**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$351,804.40**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $30,344.86 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and

*7603233747*
LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
1101 8300b 08/14

*55409+36*
Form 3179 1/01 (rev. 4/14)

(page 1 of 5)

Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$321,459.54**. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of **3.125%**, from **August 1, 2021**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,961.30**, beginning on the **1st** day of **September, 2021**, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of **3.125%** will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be **June 1, 2039**.

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any

\*7603233747\*
LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
1101 8300b 08/14

\*55409+36\*
Form 3179 1/01 (rev. 4/14)

(page 2 of 5)

Case 19-13722-TWD    Doc 60    Filed 11/30/21    Ent. 11/30/21 13:57:51    Pg. 11 of 16

way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

7. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

*760233747*
LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
1101 8300b 08/14

*55409+36*
Form 3179 1/01 (rev. 4/14)

(page 3 of 5)

7. This Agreement modifies an obligation secured by an existing security instrument recorded in County, WA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $315,666.81. The principal balance secured by the existing security instrument as a result of this Agreement is $351,804.40, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____  Date: 10/1/2021
JAN CAROL LITTLE-WASHINGTON -Borrower

_____  Date: 10-6-21
KEVIN L WASHINGTON -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Washington

County of King

I certify that I know or have satisfactory evidence that **JAN CAROL LITTLE-WASHINGTON and KEVIN L WASHINGTON**, (name of person) is the person who appeared before me, a Notary Public and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: 10/06/2021

_____
Signature of Notary

U.S. Bank CRC
Title

My Commission expires: 10/24/2024



WADE P HENRY
Notary Public
State of Washington
Commission # 21004804
My Comm. Expires Oct 24, 2024

*760323747*
LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
1101 8300b 08/14

*55409+36*
Form 3179 1/01 (rev. 4/14)

(page 4 of 5)

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender  
Name: _____  
Title: _____  

_____  
Date of Lender's Signature  
_____ [Space Below This Line For Acknowledgments] _____  
The State of TEXAS

County of DALLAS

Before me _____ (name/title of officer) on this day personally appeared

_____, the _____ of

_____,

known to me (or proved to me on the oath of _____ or through _____
(description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, A.D.,_____.

_____  
Signature of Officer

_____  
Title of Officer  
My Commission expires : _____


LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument  
1101 8300b 08/14


Form 3179 1/01 (rev. 4/14)

(page 5 of 5)

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **7603233747**  Date: **September 21, 2021**

Borrower(s): JAN CAROL LITTLE-WASHINGTON and KEVIN L WASHINGTON

Property Address: 5133 SOUTH ORCAS STREET, SEATTLE, WA 98118

Lender: **Rushmore Loan Management Services LLC**

In consideration of **Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____  Date: 10/6/2021
JAN CAROL LITTLE-WASHINGTON  -Borrower

_____  Date: 10-6-21
KEVIN L WASHINGTON  -Borrower

After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
1755 Wittington Place Ste. 400
Farmers Branch, TX 75234

_____
Space Above This Line For Recording Data

**This Document Prepared By:**
Name: _____
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, CA 92618

Document Title: LOAN MODIFICATION AGREEMENT

**Reference numbers of related documents:**
on page _____ of document

**Grantor(s):**
1. JAN CAROL LITTLE-WASHINGTON
2. KEVIN L WASHINGTON
3.
etc. additional names on page _____ of document

**Grantee(s)/ Beneficiary(ies):**
1. Rushmore Loan Management Services LLC
2.
3.
etc. additional names on page _____ of document

**Assessor's Property Tax Parcel Account Number(s):** 333350014507

**Legal Description:**

1101 2322 01/14  *7603233747*

*55409+36* WASHINGTON COVER PAGE